COVINGTON

BEIJING BOSTON BRUSSELS DUBAI FRANKFURT
JOHANNESBURG LONDON LOS ANGELES NEW YORK
PALO ALTO SAN FRANCISCO SEOUL SHANGHAI WASHINGTON

Covington & Burling LLP
30 Hudson Yards
New York, NY 10001-2170
T +1 212 841 1000

**By ECF**

August 21, 2026

The Honorable Andrew L. Carter
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: United States v. Eddie Dume**
**26 Cr. 97-3 (ALC)**

Dear Judge Carter:

We respectfully write on behalf of defendant Eddie Dume in response to the Government's August 16 letter and in further support of our request for Mr. Dume's release pursuant to the conditions set by Magistrate Judge Cave at the detention hearing held on March 18, 2026. As of the filing of this letter, Pretrial Services has inspected and approved Mr. Dume's father's apartment as a suitable residence for Mr. Dume upon his release. His two co-signers have submitted the required paperwork to the U.S. Attorney's Office and are in the process of scheduling their interviews. In other words, nearly all of the conditions set by Judge Cave have been satisfied. We respectfully request that the Court give effect to Judge Cave's release order following the March 18 detention hearing and order Mr. Dume released upon approval of his two co-signers.

Although the Government frames its letter as an appeal of Judge Cave's detention order, five months elapsed between the detention hearing and the Government's submission. Given this substantial passage of time, the Court should construe the Government's letter as a motion to reopen the detention hearing, which should be denied. Once a detention hearing has taken place, "[t]he hearing may be reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). There is no new information not known to the Government at the detention hearing and that has a material bearing on the existence of a combination of conditions that reasonably assure the appearance of Mr. Dume and the safety of other persons and the community. In the absence of such new information, Judge Cave's order at the March 18 detention hearing should be undisturbed and given full effect.

The only information unknown to the Government at the detention hearing is what transpired during Pretrial Services' inspection of his girlfriend's apartment (the Queens Apartment), which is immaterial to the issues at hand.

Mr. Dume's girlfriend, her mother, and their family reside at the Queens Apartment. Following the March inspection of the Queens Apartment, Pretrial Services reported observing an orange-brown crystalline substance on a laptop and a single scale in the kitchen (rather than the "set" of scales described by the Government).[1] Law enforcement was not called. No photos were taken. No testing was conducted. We understand that the substance was in fact a crystal-making Mexican candy left over from a child's birthday party, and that it has caused a laptop and several surfaces in the Queens Apartment to be sticky to this day. We further understand that the kitchen scale was exactly that – a scale used for cooking and baking by Mr. Dume's girlfriend's mother, who prepares meals and protein shakes using protein powder with exact measurements because her diabetic husband is on a strict diet.

In any event, Mr. Dume will not be residing in the Queens Apartment upon his release. He would live with his lawfully employed father in an apartment where Mr. Dume's drug-addicted mother and co-conspirator no longer resides.

For these reasons and those set forth in our letter dated July 16, 2026, we respectfully urge the Court to order Mr. Dume released to his father's apartment – approved by Pretrial Services – on the conditions set by Judge Cave at the March 18 detention hearing.

Respectfully submitted,



COVINGTON & BURLING LLP
Amanda Kramer
Patrick McManus
Karla Colley

*CJA Counsel for Eddie Dume*

cc: All counsel of record (via ECF)

---

[1] The Government similarly mischaracterized Mr. Dume's role in the charged conspiracy. Rather than being a "core member" of the charged conspiracy, there is no defendant more peripheral to the charged narcotics conspiracy than Mr. Dume. Mr. Dume is alleged to have participated in approximately 10 text message communications about narcotics with his own mother. There is no evidence that he participated in any of the controlled buys that make up the central evidence in this case. Nor is there any evidence that he had involvement with or benefitted from any gun activity whatsoever (nor is he charged in the gun count). The strength of the Government's case, or lack thereof, cannot justify the continued detention of Mr. Dume.